UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 20-CR-268 (CKK) |
| | : | |
| FRANKLIN JOVANY TORRES, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and undersigned counsel, hereby files its sentencing memorandum to assist the Court's consideration of the relevant issues. As noted below, Defendant faces an advisory Guidelines range of 10 months to 16 months. For the reasons articulated below, the United States respectfully recommends that the Court impose a sentence of **16** months' imprisonment to be followed by 36 months' supervised release.

**PROCEDURAL HISTORY AND RELEVANT FACTS**

On March 11, 2015, following a jury trial, TORRES was convicted of Producing Child Pornography, Distributing Child Pornography, Possessing Child Pornography, and First Degree Sexual Abuse of a Minor in Case Number 15-CR-135. On June 15, 2016, TORRES was sentenced to 252 months' imprisonment.

On or about July 2, 2019, TORRES mailed a handwritten letter from the Federal Corrections Institute at Estill, South Carolina, to A.M. A.M. is the mother of the minor victim in Case Number 15-CR-135. A.M. received the letter at her home on July 9, 2019. The letter was written in Spanish but was translated into English. Translated into English, the letter mailed by TORRES included the following threats:

1

> I'm going to get out one day and when that day comes is when you are going to shed tears of blood because that day I'm going to get rid of your whole family – cousins, nephews and nieces, grandmother, children – even the dog at your home I'll get rid of. You'll see. I swear it on my mother's life that there can't be any human who will save you. First I'm going to get rid of the ones in El Salvador. Then those who . . . even if it's the last thing I do. An eye for an eye, a tooth for a tooth.
>
> Enjoy your family while you can because when I get out, everything will turn around. This isn't a threat. It's a promise, Franklin Torres promise. And remember, it doesn't matter to me if you show this letter to the prosecutor's office. I'm already an inmate. They can't put me behind bars twice. That's how time flies. Four years have gone by already, and I'm at the appeal stage at the Supreme Court. Be careful you don't get a surprise. Tage good care my best friend, Judas.

TORRES was charged by Indictment on December 1, 2020, with one count of Mailing a Threatening Communication, in violation of 18 U.S.C. § 876(c). (Docket Entry 1). TORRES had his initial appearance on June 27, 2025, during which he consented to pretrial detention. Minute Entry, 6/27/25. On August 27, 2025, TORRES pled guilty to the sole count of the Indictment pursuant to a written plea agreement. Minute Entry, 8/27/25; (Docket Entries 12, 23). Sentencing is scheduled for November 5, 2025.

## ANALYSIS

**I.    UNITED STATES' ANALYSIS OF THE SENTENCING GUIDELINES**

Even though the Sentencing Guidelines are advisory, United States v. Booker provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005) (cited in United States v. Brown, 892 F.3d 385, 399 (D.C. Cir. 2018)). The Supreme Court has noted that the Guidelines provide "the starting point and the initial benchmark" for sentencing. Gall v. United States, 590 U.S. 38, 49 (2007); see also United States v. Dorcely, 454 F.3d 366, 375 (D.C. Cir. 2006) ("Booker has not changed how the Guidelines range is to be calculated."). Moreover, the Guidelines' recommended sentencing range will ordinarily "'reflect a rough approximation of sentences that might achieve [18 U.S.C.] § 3553(a)'s

objectives.'" Kimbrough v. United States, 552 U.S. 85, 108-09 (2007) (quoting Rita v. United States, 551 U.S. 338, 347-50 (2007)); see also Dorcely, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

To calculate a Guidelines sentence, the Court must first select the applicable offense guideline and then select the base offense level within that applicable offense guideline. United States v. Flores, 912 F.3d 613, 616 (D.C. Cir. 2019). As the D.C. Circuit has long held, this inquiry must include an evaluation of all relevant conduct that could affect the Guidelines calculation.

> In the post-Booker world, the court must calculate and consider the applicable Guidelines range but is not bound by it. Under the Guidelines, "the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." Witte v. United States, 515 U.S. 389, 393 (1995) (citing U.S.S.G. § 1B1.3). Section 1B1.3 details the conduct the sentencing court may consider in determining the applicable Guidelines range and the commentary to that section states, "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, comment., backg'd.

Dorcely, 454 F.3d at 375.

### A. Calculation of TORRES's Criminal History Category

TORRES was convicted of Production of Child Pornography, Distribution of Child Pornography, Possession of Child Pornography, and First Degree Sexual Abuse of a Minor in the United States District Court for the District of Columbia Case Number 15-CR-135 (ESH). On June 15, 2016, TORRES was sentenced to 252 months' imprisonment. This offense warrants 3 criminal history points pursuant to U.S.S.G. §§ 4A1.1(a). This conviction warrants an additional 1 criminal history point pursuant to U.S.S.G. § 4A1.1(d).

3

TORRES was convicted of Driving While Intoxicated, 3rd Offense, in Spotsylvania County, Virginia Case Number 177CR0900080900. On September 14, 2019, TORRES was sentenced to 5 years' incarceration with 4 years, 6 months suspended. This offense warrants 1 criminal history point pursuant to U.S.S.G. § 4A1.1(c).

Accordingly, TORRES has five criminal history points, placing him in Criminal History Category ("CHC") III.

### B.    Calculation of TORRES'S Advisory Guidelines Range

The United States calculates Defendant's Offense Level as follows:

Count One
| | | |
|---|---|---|
| U.S.S.G. § 2A6.1(a)(1) | Base Offense Level | 12 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | - 2 |
| | **Total:** | **10** |

Offense Level 10 in Criminal History Category III calls for an advisory guideline range of 10 to 16 months' imprisonment.

## II.    UNITED STATES' ANALYSIS OF THE STATUTORY SENTENCING FACTORS

### A.    The Nature and Circumstances of the Offense

TORRES' re-victimization of A.M. and her family warrants a sentence at the high end of the advisory Guidelines range. As though his conduct in the underlying case was not despicable enough, he chose to double-down on refusing to accept responsibility for his own conduct – blaming the victims of his horrible crime, and threatening to murder innocent persons, all because he had been held to account for photographing and memorializing his sexual assault of a minor child.

### B.    TORRES's History and Characteristics

TORRES' History and Characteristics, particularly his conviction in Case Number 15-CR-135, warrants a sentence at the high end of the advisory Guidelines range. Defendant's prior

4

conviction, as well as the threats at issue in this case, demonstrate that he is a dangerous and unstable predator who continues to blame others for the consequences of his own criminal behavior.

### C. The Need to Reflect the Seriousness of the Offense; Promote Respect for the Law; Provide Just Punishment; Deter Criminal Conduct, and to Protect the Public from Further Crimes of Defendant

TORRES' own words demonstrate his lack of respect for the law and the Court's authority: "it doesn't matter to me if you show this letter to the prosecutor's office. I'm already an inmate. They can't put me behind bars twice." In fact, however, the offense at issue in this case is incredibly serious, and the need to punish that offense, promote respect for the law, and protect the public from future crimes committed by TORRES, and to provide both general and specific deterrence all weigh heavily in favor of a sentence at the high end of the advisory Guidelines range.

### III. UNITED STATES' SENTENCING RECOMMENDATION

For all the reasons outlined above, the United States respectfully submits that TORRES should be sentenced to a term of **16** months' imprisonment to be followed by a 36-month term of supervised release. Consistent with U.S.S.G. § 5G1.3(a), the United States requests that TORRES' prison sentence be ordered to run consecutively to his sentence in Case Number 15-CR-135.

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        United States Attorney

By:    */s/ James B. Nelson*
        JAMES B. NELSON
        D.C. Bar No. 1613700
        Assistant United States Attorney
        Federal Major Crimes Section
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-6986
        james.nelson@usdoj.gov